83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jairo J. VEGA-GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70822.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided April 23, 1996.
 
 1
 Before: BROWNING and NOONAN, Circuit Judges, and MERHIGE,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 * The denial of Vega's asylum application was supported by substantial evidence. To be eligible for asylum, Vega was required to demonstrate a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A).
 
 
 4
 Vega, an activist with the anti-Sandinista Social Christian Party and the Catholic Church, claims the Sandinistas persecuted him by cutting his food rations, expelling him from a Sandinista-run public school, intimidating him through prison tours while he was in the military, and threatening him because of his political beliefs. Because Vega was able to buy food on the black market and attend private school, the expulsion and reduction in food rations seem to have minor economic effects at most. See Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (finding of persecution requires imposition of substantial economic disadvantage). There is no indication Vega's assignment to observe prisons was meant to intimidate him. Nor does the evidence indicate Vega was threatened because of his political beliefs. The BIA rejected Vega's testimony that he was being threatened because of his political views, instead finding the security forces were seeking Vega because he was a deserter. The BIA's credibility determination was specific and supported by substantial evidence. See Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987); Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986). The security forces' attempt to arrest Vega for desertion does not constitute persecution. See De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990). Taken as a whole, Vega's treatment did not rise to the level of persecution. See Fisher v. INS, 1996 WL 146681, at * 4 (9th Cir., Apr. 2, 1996) (en banc) (characterizing persecution as "an extreme concept" that does not encompass all conduct deemed harsh by American standards).
 
 
 5
 Even assuming Vega's past treatment constituted persecution on the basis of his political opinion, it was not severe enough to support an asylum claim in the absence of a well-founded fear of future persecution. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) (asylum may be granted on the basis of past persecution alone, but only if the applicant has suffered "atrocious forms of persecution"). Substantial evidence supported the BIA's finding that Vega failed to establish a well-founded fear of persecution. Vega claimed he feared conduct based on his experiences, described above, and the experiences of his three brothers, who were jailed by the Sandinistas before fleeing Nicaragua and receiving asylum in the United States. There is no indication Vega's treatment would have paralleled his brothers' experiences; unlike his brothers, Vega was never arrested or detained despite several years of political activism, and even after deserting was able to obtain permission to leave the country. See Saballo-Cortez v. INS, 761 F.2d 1259, 1265 (9th Cir.1985). Despite the departure of their four sons, Vega's parents were able to remain in Nicaragua without suffering physical harm. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (applicant's asylum claim undercut by family's continued safety). The change in government, and the accompanying amnesty for deserters, further weaken Vega's claim. Although the Sandinistas retain considerable influence under the Chamorro government, Vega failed to show he would be "at particular risk" of persecution if he returns to Nicaragua. Kotasz v. INS, 31 F.3d 847, 852 (9th Cir.1994).
 
 II
 
 6
 Because Vega did not establish a well-founded fear of persecution, denial of withholding of deportation was also proper. INS v. Stevic, 467 U.S. 407, 424 (1984).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3